# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED SERVICES, INC., | |
| Plaintiff, | Civ. No. 2:20-00044 (WJM) |
| v. | |
| CITY OF NEWARK, | **ORDER** |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this matter, removed by Defendant City of Newark from the Superior Court of New Jersey, Essex County-Chancery Division, to this Court, Plaintiff, United Services, Inc., seeks to invalidate the Defendant's awarding of public contracts through a competitive contracting process for janitorial services. ECF No. 1. Plaintiff filed its initial complaint on December 3, 2018, in New Jersey Superior Court. Def.'s Mot. Ex. A at 1. On March 20, 2019, Judge Jodi Lee Alper enjoined the City of Newark from proceeding with the award of contract for janitorial services and ordered the parties to maintain the status quo with regard to the retention of United Services, Inc. as the provider of janitorial services for the duration of litigation. ECF No. 10, Ex. A. On December 11, 2019, Plaintiff filed its Second Amended Complaint, adding Count Eight, a federal claim. Pl.'s Mot. Ex. A. On January 2, 2020, Defendant removed the matter to this Court. ECF. No. 1.

Plaintiff brings seven counts under New Jersey public contracting and anti-discrimination law, and one count under federal law. *Id.* Defendants attempt to invoke this Court's original jurisdiction over Plaintiff's federal claim and supplemental jurisdiction over Plaintiff's state law claims. *Id.* Before the Court are Defendant's Emergency Motion for Order to Show Cause to Dissolve the Preliminary Injunction, ECF No. 8, and Defendant's Motion for Dismiss Plaintiff's Complaint, or alternatively, for Remand, ECF No. 9. Defendant, the party that removed the matter from state court, now asks this Court to dismiss Plaintiff's Second Amended Complaint or, in the alternative, to remand the matter back to state court. ECF No. 9. Plaintiff, the party that initiated the matter in New Jersey Superior Court over a year ago, now asks this Court to retain it. ECF No. 22.

A district court may decline to exercise supplemental jurisdiction over a state law claim if that claim "substantially predominates over the claim . . . over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). The Supreme Court's three-part

standard for determining whether state law claims "substantially predominate" looks to the (1) location of the proof, (2) scope of the issues, and (3) comprehensiveness of the remedy sought. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966). Where state-law claims are "the core of the case, it is within the Court's discretion to defer the resolution of state claims to state court." *Sprint Sol. v. J&S Invs. of Delaware*, 2018 U.S. Dist. LEXIS 16578, *6 (D.N.J. Feb. 1, 2018). Here, Plaintiff's five RFP claims, governed by state law, regulation, procedure, and remedies, are the crux of this case. Plaintiff alleges in Count Eight in a single, conclusory sentence that, "The aforesaid conduct violates 46 U.S.C. § 1983 in that the City of Newark and the Baraka Administration are seeking to remove or limit contracts from Hispanic owned companies." To permit Count Eight to keep this case in federal court would be to "allow a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).

A court may remand a removed case to state court *sua sponte* and absent a motion from the plaintiff if it finds its subject matter jurisdiction lacking. *See* 28 U.S.C. § 1447(c). Defendant seems to premise invocation of this Court's original jurisdiction on two sources of federal law: 29 U.S.C. 2601, ECF No. 1 at 2, and 46 U.S.C. § 1983, ECF No. 1 at 19-20. Neither citation is to federal law that creates a cause of action sufficient to invoke this Court's original jurisdiction. 28 U.S.C. § 1331; *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).

Therefore, **IT IS** on this 23rd day of March 2019, **ORDERED** that the matter is remanded to the Superior Court of New Jersey, Essex County-Chancery Division.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**